Chowdhury v. Garland

BIA
Zagzoug, IJ
A206 997 582

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-two.

PRESENT:
>        JON O. NEWMAN,
>        MICHAEL H. PARK,
>        EUNICE C. LEE,
>             *Circuit Judges.*

---

ZUBAYER ZAMAN CHOWDHURY,
>        *Petitioner*,

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent*.

20-3249
NAC

---

FOR PETITIONER:        Dilli Raj Bhatta, Esq., Bhatta Law & Associates, New York, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant Attorney General; Claire L.

Workman, Senior Litigation Counsel; Rosanne M. Perry, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zubayer Zaman Chowdhury, a native and citizen of Bangladesh, seeks review of an August 28, 2020, decision of the BIA affirming a June 21, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zubayer Zaman Chowdhury*, No. A206 997 582 (B.I.A. Aug. 28, 2020), *aff'g* No. A206 997 582 (Immigr. Ct. N.Y.C. Jun. 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for "substantial evidence").

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," inconsistencies in the record, "or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the adverse credibility determination.

The agency reasonably deemed Chowdhury's testimony implausible. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("[A]n IJ is entitled to consider whether the applicant's story is inherently implausible."). Chowdhury alleged past persecution by the Awami League because of his

3

involvement with the Bangladesh Nationalist Party ("BNP"). He testified that during the 16-year period from 1998 to 2014, he was a joint organizational secretary for the BNP, a general member of the BNP, a member of the BNP's youth wing, or a member of the BNP's student wing. However, he denied awareness of any violence or incitement to violence by or attributed to BNP members. He stated that he had never heard, read, or seen news articles about BNP violence. However, the record includes extensive evidence in the form of human-rights reports, news articles, and other country-conditions evidence of the BNP engaging in or being accused of violent action against political opponents, including the Awami League and religious minorities. Given the extensive evidence of BNP violence and Chowdhury's testimony about his role and longstanding involvement in the party, the implausibility finding is tethered to the record. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) ("So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding.").

The adverse credibility determination is further supported by the IJ's demeanor finding to which we give

4

particular deference. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). The IJ found that Chowdhury's testimony was "scripted," "memorized," and "rehearsed." In addition to the deference due that finding, it is supported by the IJ's determination that Chowdhury was evasive when questioned about BNP violence. *See Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) ("[G]iv[ing] particular deference to . . . the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe . . . demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." (citation and quotation marks omitted)).

Lastly, the agency reasonably concluded that Chowdhury failed to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an

5

applicant unable to rehabilitate testimony that has already been called into question."). Contrary to Chowdhury's position, the agency did not err in giving minimal weight to letters from his family members, friends, neighbors, and fellow BNP members because the letters were not independent of the asylum application, the authors were not available for cross-examination, and his family members were interested parties. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Nor was the agency required to credit noncontemporaneous summaries of medical treatment, where contemporaneous records appear to have been available but not produced, and where the summaries did not establish who attacked Chowdhury or why, or resolve the implausibility of Chowdhury's testimony. *Id.*

Given the implausible testimony, the deference due the demeanor finding, and the lack of reliable objective evidence, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based

6

on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7